RAMÓN VALCOURT, Plaintiff and Appellant, v. MARÍA TORRES ET AL., Defendants and Appellees.

No. 6278. Argued April 10, 1933.—Decided April 20, 1933.

L. *Feliú* for appellant. *Martínez Nadal & Martínez Rivera* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

In opposition to a motion to dismiss as frivolous an appeal from the order determining costs, the appellant maintained that the memorandum of costs was not duly under oath; in effect he alleges that there was no oath. That an oath taken before a deputy clerk is sufficient is settled jurisprudence. *People* v. *Capre*, 44 P.R.R. 108; *Seín* v. *González et al*, 26 P.R.R. 164, *People* v. *Colón*, 17 P.R.R. 973. This jurisprudence is supported by 11 C.J. 913.

The appellant has now filed an additional brief. We agree with him that an oath to a memorandum of costs is indispensable and that likewise the jurat may be considered a part of the oath. Of course the principal part of the oath is the fact that an affiant has sworn thereto and any lack of identification in a jurat may be supplied by proof *aliunde*. This is our decision in the case of *People* v. *Capre, supra*.

The oath to the memorandum of costs was made by the attorney who intervened in the case as necessarily the proper person to make it. ... The affiant describes himself as such attorney. After the signature of the attorney appear the words "Subscribed and sworn to before me today, August 10, 1932.—P. del Manzano—Deputy Clerk." The appellant maintains that the affiant is not duly identified in the jurat and therefore that the oath is not properly taken. Again the jurisprudence in the case of *Capre, supra*, is applicable, but we think that we may go a little further.

We hold that in general when a person appears before the busy clerk or deputy clerk of a district court to take an oath, a jurat made in this shorthand form is sufficient. It may be presumed in the absence of a demonstration to the

contrary that the official knew who was the person who appeared before him and was satisfied of the identity. The practice in the district courts should be such that an oath may be rapidly and effectively made by such a jurat. *Certum est quod certum reddi potest*. We think this kind of a jurat is justified by the general practice in this respect. The rule we are enunciating is particularly true when the officer who appears before the deputy clerk is an attorney and is so described.

Coming to the merits of the appeal, there is no doubt that fees of lawyers constitute a part of the costs. *Luce & Co., S. en C.* v. *Cintrón*, 42 P.R.R. 884. For this Court the question has been settled for a long period of time.

This was a case where an attachment was dissolved against the defendant-appellees and they filed a memorandum of costs claiming $250 for attorney's fees. The court reduced it to $200. We find no abuse of discretion in awarding this amount and the appellant does not convince us of such abuse. Neither are we convinced that the costs of $10 for the registry of property were excessive.

The appeal should be dismissed.